**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

**YOLANDA FENDERSON,**

Plaintiff,

**-vs-** **CASE NO.:**

**WAL-MART STORES EAST, LP AND JANE DOE,**

Defendants.
________________________________/

**COMPLAINT**

COMES NOW the Plaintiff, YOLANDA FENDERSON, by and through her undersigned attorney, and sues Defendant, WAL-MART STORES EAST, LP, a foreign entity (hereinafter referred to as "WALMART") and JANE DOE, store manager of Walmart and alleges:

1. This is a cause of action for damages that exceeds the sum of Fifty Thousand Dollars ($50,000.00) exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual of value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue is proper in the Thirteenth Judicial Circuit in that the Defendant, WALMART, was authorized to do business and doing business in Hillsborough County, Florida, and the Defendant, JANE DOE, manager, was a Hillsborough County resident.

3. Venue is properly vested in this Court because the cause of action accrued in Hillsborough County, Florida.

4. At all times material hereto, Plaintiff, YOLANDA FENDERSON, was a resident of Hillsborough County, Florida.

5. At all times material hereto, the Defendant, WALMART, a foreign limited partnership, was authorized to do business and doing business in Hillsborough County, Florida.

6. At all times material hereto, Defendant, WALMART, owned, operated, and maintained a store located at 3671 W. Hillsborough Avenue, Hillsborough County, Florida, which was used for the

purposes of selling miscellaneous items to the general public by and through its employees and agents for a profit.

7. At all times material hereto, WALMART was acting by and through its agents, servants, and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant, WALMART.

8. At all times material hereto, and upon information and belief, Defendant, JANE DOE, was a Florida resident who was employed by Defendant, WALMART, as manager of store as stated above.

9. At all times material hereto, Defendant, JANE DOE, was responsible for the operations of Defendant's, WALMART, store and was responsible for training and supervising all assistant managers, associates, employees, and agents of WALMART.

10. At all times material hereto, Defendant, JANE DOE, was employed by Defendant, WALMART, and was acting within the express, implied, or apparent scope of her employment with Defendant, WALMART.

COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

11. The Plaintiff realleges paragraphs 1 through 10, above.

12. On August 22, 2025, the Plaintiff, YOLANDA FENDERSON, was a business invitee at Defendant's, WALMART, store located at the above address and was lawfully upon the premises.

13. On the date and at the place aforesaid, the Defendant, WALMART, owed the Plaintiff, YOLANDA FENDERSON, a business invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, YOLANDA FENDERSON.

14. Defendant, WALMART, had an obligation to maintain the Premises in a reasonably safe condition and to correct or warn of dangers that it knew or should have known of, and which Plaintiff, YOLANDA FENDERSON, did not or should not have known of by the use of reasonable care.

15. On the date of the incident, the Defendant, WALMART, by and through its employees, servants, and/or agents could reasonably anticipate that its mode of operation for ensuring that its premises did not present an unsafe and/or dangerous condition was not reasonable.

16. On the date and at the place aforesaid, the Defendant, WALMART, breached the duty owed to the Plaintiff, YOLANDA FENDERSON, by committing one or more of the following omissions or commissions:

a. Negligently failed to inspect or adequately inspect its aisles and walkways to determine whether unsafe and/or dangerous conditions existed, for the safety of the Plaintiff, YOLANDA FENDERSON;

b. Negligently failed to maintain or adequately maintain its aisles and walkways by allowing unsafe and/or dangerous conditions to exist, for the safety of the Plaintiff, YOLANDA FENDERSON;

c. Negligently failed to warn or adequately warn the Plaintiff, YOLANDA FENDERSON, of the dangers of the unsafe and/or dangerous conditions on its aisles and walkways, when the Defendant, WALMART, knew or should have known of said danger and that the Plaintiff, YOLANDA FENDERSON, was unaware of said danger;

d. Negligently failed to correct, or adequately correct the unsafe and/or dangerous conditions on its aisles and walkways, when said unsafe and/or dangerous conditions was known to the Defendant, WALMART, or had existed for a sufficient length of time so that it should have been known to the Defendant through the exercise of reasonable care;

e. Negligently failing to properly train its employees in the best practices, and/or negligently failing to properly supervise its employees to ensure they developed the knowledge of and ability to execute said best practices;

f. Negligently failing to properly train its employees in detecting unsafe and/or dangerous conditions on the aisles and walkways so that access to the area by customers, including the Plaintiff, was restricted;

g. Negligently failing to properly train its employees in adequately warning customers of the unsafe and/or dangerous conditions on the aisles and walkways through the proper placement of warning or wet floor signs, cones, or other measures;

h. Negligently failing to properly train its employees in adequately correcting the unsafe and/or dangerous conditions on the aisles and walkways through the proper use of squeegees or other removal devices, and/or negligently failing to properly supervise them in maintaining the same; and

17. As a direct and proximate cause of the negligence of the Defendant, WALMART, as heretofore alleged, the Plaintiff, YOLANDA FENDERSON, slipped and fell on liquid on the floor while walking in the walkway of the Defendant's, WALMART, store, and when she fell, she sustained injuries and damages as hereinafter alleged.

18. As a direct and proximate result of the negligence of the Defendant, WALMART, as heretofore alleged, the Plaintiff, YOLANDA FENDERSON, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of capacity for the enjoyment of life; incurred loss of ability to

perform the usual duties associated with her work, all of which are either permanent or continuing in nature and the Plaintiff, YOLANDA FENDERSON will sustain said loss in the future.

WHEREFORE, the Plaintiff, YOLANDA FENDERSON, demands judgment against the Defendant, WALMART, in an amount in excess of Fifty Thousand ($50,001) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

COUNT II - NEGLIGENCE CLAIM AGAINST JANE DOE, STORE MANAGER

19. The Plaintiff realleges paragraphs 1 through 10, above.

20. On or about August 22, 2025 Defendant, JANE DOE, as store manager, was responsible for operating and maintaining the Walmart store and for training and supervising the employees at the store.

21. On the date and at the place aforesaid, Defendant, JANE DOE, was responsible for ensuring all WALMART employees acted in compliance with all safety policies and procedures.

22. Defendant, JANE DOE, owed a duty to the Plaintiff to ensure that all WALMART employees exercised reasonable care and conformed to a reasonable standard of conduct for the safe operation and maintenance of the store.

23. The Defendant, JANE DOE, owed a duty to the Plaintiff to exercise reasonable care and conform to a reasonable standard of conduct for the safe operation and maintenance of the store.

24. The Defendant owed a duty to Plaintiff to ensure that all employees under her supervision were knowledgeable, skilled, and competent as to safety policies and procedures so as not to present a foreseeable risk of harm to Plaintiff.

25. On the date and at the place aforesaid, the Defendant, JANE DOE, breached her duty owed to Plaintiff, YOLANDA FENDERSON, by committing one or more of the following omissions or commissions:

a. Negligently failing to enforce and/or implement WALMART policies and/or procedures for the protection and safety of its customers, including the Plaintiff;

b. Negligently failing to inspect or adequately inspect the aisles and walkways to determine whether unsafe and/or dangerous conditions existed, for the safety of Plaintiff, YOLANDA FENDERSON;

c. Negligently failing to maintain or adequately maintain the aisles and walkways in a reasonably safe condition by allowing unsafe and/or dangerous conditions to exist, for the safety of Plaintiff, YOLANDA FENDERSON;

d. Negligently failing to correct or adequately correct the unsafe and/or dangerous conditions on the aisles and walkways, for the safety of Plaintiff;

e. Negligently failing to warn or adequately warn the Plaintiff of the dangers of unsafe and/or dangerous conditions on the aisles and walkways that she knew of or should have known of, and that the Plaintiff was unaware of;

f. Negligently failing to cordon off or adequately cordon off the location of the aisles and walkways where the unsafe and/or dangerous conditions existed, for the safety of Plaintiff;

g. Negligently failing to properly train her employees in the best practices, and/or negligently failing to properly supervise her employees to ensure they developed the knowledge of and ability to execute said best practices;

h. Negligently failing to properly train her employees in detecting unsafe and/or dangerous conditions on the aisles and walkways so that access to the area by customers, including the Plaintiff, was restricted, and/or negligently failing to properly supervise them in maintaining the same;

i. Negligently failing to properly train her employees in adequately warning customers of the unsafe and/or dangerous conditions on the aisles and walkways through the proper placement of warning or wet floor signs, cones, or other measures, and/or negligently failing to properly supervise them in maintaining the same;

j. Negligently failing to properly train her employees in adequately correcting the unsafe and/or dangerous conditions created by Walmart on the aisles and walkways through the proper use of squeegees or other removal devices, and/or negligently failing to properly supervise them in maintaining the same; and

26. As a direct and proximate cause of the negligence of the Defendant, JANE DOE, as heretofore alleged, the Plaintiff, YOLANDA FENDERSON, slipped and liquid on the floor while walking on the walkway of Defendant's, WALMART, store and when she fell, she sustained injuries and damages as hereinafter alleged.

27. As a direct and proximate result of the negligence of the Defendant, JANE DOE, as heretofore alleged, the Plaintiff, YOLANDA FENDERSON, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of capacity for the enjoyment of life; incurred loss of ability to perform the usual duties associated with her work, all of which are either permanent or continuing in nature and the Plaintiff, YOLANDA FENDERSON, will sustain said loss in the future.

WHEREFORE, the Plaintiff, YOLANDA FENDERSON, demands judgment against the Defendant, JANE DOE, in an amount in excess of Fifty Thousand ($50,001) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

**RESPECTFULLY** submitted this ______ day of February, 2026.

*/s/ Paul B Fulmer III*
Paul B Fulmer III, Esquire
Florida Bar #: 125857
Morgan & Morgan Tampa, PA
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5296
Fax: (813) 559-4878
pfulmer@forthepeople.com
cfordham@forthepeople.com
gmaloneevans@forthepeople.com
Attorney for Plaintiff